# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| AMBARTSUM SIMONIAN, <br><br> Petitioner, <br><br> v. <br><br> FERETI SEMAIA et al., <br><br> Respondents. | Case No. 5:26-cv-03586-DFM <br><br> ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I.    INTRODUCTION AND PROCEDURAL BACKGROUND

On March 17, 2026, Petitioner Ambartsum Simonian filed a counseled petition for writ of habeas corpus, challenging his detention without a bond hearing and seeking immediate release or a bond hearing. See Simonian v. Janecka, No. 26-1246, Dkt. 1 ("Prior Petition"). On March 26, 2026, the Court entered a preliminary injunction, enjoining Respondents from continuing to detain Petitioner unless he was provided with a bond hearing before an immigration judge ("IJ") under 8 U.S.C. § 1226(a) within seven (7) days. See id., Dkt. 9 ("PI Order"). On April 8, 2026, Petitioner received a bond hearing; the IJ denied bond on, inter alia, flight risk grounds. See id., Dkt. 11 at 8-11 ("Bond Denial Order"). On June 17, 2026, following a second emergency relief request and further briefing, the Court dismissed the Prior Petition without prejudice on mootness grounds. See id., Dkts. 17, 27.

On June 29, 2026, Petitioner, proceeding with new counsel, filed the instant habeas petition. See Dkt. 1 ("Petition"). On July 6, 2026, Respondents answered. See Dkt. 7 ("Answer"). On July 9, 2026, Petitioner replied. See Dkt. 9. Following a Court order, the parties filed supplemental briefs addressing, inter alia, whether Petitioner had previously been detained and released by immigration authorities. See Dkts. 12-14.

For the following reasons, the Petition is **DENIED** without prejudice.

## II.   BACKGROUND

Petitioner is a citizen and national of Armenia. See Answer at 2; Dkt. 14-1 ("Form I-213") at 2-4. The record indicates that Petitioner was paroled into the United States at the San Ysidro Port of Entry on September 1, 2022. See Form I-213 at 4. The parties do not dispute that Petitioner and his family are in removal proceedings. See Petition ¶¶ 10-11, 30-32, 44; Answer at 2. Respondents state that Petitioner and his family have pending asylum applications, with the immigration court hearing scheduled for October 20, 2026. See Answer at 2; but see Form I-213 at 4 ("EOIR informed [Petitioner's] mother . . . her application for asylum has been rejected due to incorrect filing."), 5 ("[Petitioner] will remain in DHS custody pending his motion to re-calendar hearing.").

On February 21, 2026, Petitioner was arrested for theft. See Answer at 2; Form I-213 at 4. The next day, U.S. Immigration and Customs Enforcement ("ICE") took Petitioner into custody. See Petition ¶ 29; Form I-213 at 3. Per Petitioner's Form I-213, Petitioner's current administrative charges include lack of an immigrant visa under section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (the "INA"). See Form I-213 at 3. Petitioner's Form I-213 indicates that Petitioner "is amenable to removal under section 212(a)(6)(A)(i) of the [INA]," which concerns presence without admission or parole. See id. at 4.

Petitioner's new counsel alleges that his continued detention rests upon circumstances materially different from those before the Court in the Prior Petition, including the resolution of his criminal proceedings via a negotiated plea to misdemeanor trespassing and the additional length of his detention. See Petition ¶¶ 12, 43, 62. The Petition challenges Petitioner's detention on due process grounds, alleging that his continued detention is no longer reasonably related to any legitimate governmental purpose and violates his right to procedural due process, his circumstances have materially changed, and his post-deprivation bond hearing did not cure the constitutional violation. See id. ¶¶ 175-208. Petitioner does not seek review of the IJ's discretionary bond determination. See id. ¶¶ 69-80. Petitioner seeks his immediate release and permanent, prospective injunctive relief enjoining his re-detention absent constitutionally adequate procedures. See id. at 31-32.

Respondents argue that Petitioner's detention is authorized by statute, Petitioner has received all constitutionally required process, the Court lacks jurisdiction to revisit the IJ's bond decision, and Petitioner has not exhausted his administrative remedies regarding the IJ's bond decision. See Answer at 2.

## III.   DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the constitutionality of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001); Trinidad y Garcia v. Thomas, 683 F.3d 952, 956 (9th Cir. 2012) (en banc).

### A.   Petitioner Is Not Subject to Mandatory Detention Under § 1226(c)

The INA's detention framework divides at the point a removal order becomes "administratively final." Detention before that point is governed by 8 U.S.C. §§ 1225 and 1226; detention thereafter is governed by § 1231. See

3

Johnson v. Guzman Chavez, 594 U.S. 523, 533-34 (2021). Given his pending removal proceedings, see Petition ¶¶ 10-11, 30-32, 44; Answer at 2, Petitioner's detention is governed by §§ 1225 or 1226.

In the order granting a preliminary injunction in Petitioner's prior habeas case, the Court enjoined Respondents from detaining Petitioner unless he was provided with a bond hearing pursuant to 8 U.S.C. § 1226(a). See No. 25-3418, Dkt. 9 (order granting preliminary injunction). At the bond hearing, the IJ stated that Petitioner was subject to mandatory detention under §§ 1225 or 1226(c), but even if Petitioner was discretionarily detained under § 1226(a), the IJ would find him to be a flight risk such that no bond is appropriate. See Bond Denial Order.

In the instant action, Respondents suggest that Petitioner's detention is authorized and mandated by 8 U.S.C. §§ 1225 or 1226(c). See Answer at 3. Respondents argue that even under § 1226(a) discretionary detention, the IJ found Petitioner to be a flight risk. See id. Petitioner has not clearly stated which statute he believes governs his detention. Rather, Petitioner argues that even if his detention is authorized under the INA, that does not resolve the constitutional question. See Reply at 7 (arguing that "the relevant inquiry is not whether detention is authorized in the abstract, but whether continued detention under the present circumstances remains constitutionally permissible").

The Court is unpersuaded that Petitioner remains subject to mandatory detention under § 1226(c) on account of his theft arrest. 8 U.S.C. § 1226(c)(1)(E)(ii) mandates detention pending removal proceedings of a noncitizen who is inadmissible on certain grounds and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that

4

results in death or serious bodily injury to another person." Though Petitioner was arrested for theft in February 2026, the record indicates that Petitioner accepted a negotiated plea to misdemeanor trespassing. See Petition ¶¶ 12, 62.

The Court agrees itself with other courts that "have found that [the mandatory detention] provision ceases to apply when charges for a theft offense are dropped or dismissed." Phogat v. Chestnut, No. 26-4258, 2026 WL 1831905, at *5 (E.D. Cal. June 25, 2026) (collecting cases). "By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute[,]' such as by a conviction." Id. (citation omitted). Accordingly, given Petitioner's undisputed allegations regarding the resolution of his criminal proceedings, § 1226(c) no longer mandates Petitioner's detention.

**B.    Petitioner's Due Process Claim Fails**

The Fifth Amendment protects "all 'persons' within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent," and "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" the Due Process Clause protects. Zadvydas, 533 U.S. at 690, 693.

To the extent Petitioner raises a substantive due process claim, the Supreme Court has held that detention pending removal proceedings serves the recognized regulatory purposes of ensuring appearance and protecting the community, and that detention during removal proceedings is a constitutionally permissible part of that process. See id. at 690-91; Demore v. Kim, 538 U.S. 510, 528, 531 (2003).

As an initial matter regarding Petitioner's procedural due process claim, the Court highlights that the district court decisions on which Petitioner relies involve petitioners who had been released from immigration custody and were

later re-arrested. The premise of each is a protected liberty interest arising from the immigration release itself.

The parties appear to agree that that premise is absent here. The Court specifically ordered the parties to file supplemental briefs on this issue. See Dkt. 12 (asking whether Petitioner was previously detained and subsequently released by immigration authorities). Respondents state that Petitioner was not previously detained and released by ICE. See Dkt. 14 at 2. Petitioner states that he was not previously detained and released by immigration authorities and disclaims any reliance on a prior release from immigration custody as a basis for his procedural due process claim. See Dkt. 13 at 2-4.

Petitioner's procedural due process claim is evaluated under the three-factor framework of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), which "can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F.4th at 1206. Measured against that framework, the Court declines to order Petitioner's release on due process grounds. See id. at 1207-08.

**The private interest**. This factor weighs in Petitioner's favor. Petitioner's interest in freedom from detention is substantial. However, Ninth Circuit precedent requires the Court to also consider "the process [Petitioner] received during this time" and "the further process that was available to him." Id. at 1208.

Petitioner has received a bond hearing. Petitioner could have appealed the IJ's Bond Denial Order to the Board of Immigration Appeals (the "BIA"). After appealing to the BIA or demonstrating why exhaustion should be excused, Petitioner could have filed a habeas petition challenging any errors of law or reviewable mixed questions of law and fact in his bond proceedings. See Martinez v. Clark, 124 F.4th 775 (9th Cir. 2022); Leonardo v. Crawford, 646 F.3d 1157, 1160-61 (9th Cir. 2011); Laing v. Ashcroft, 370 F.3d 994, 1000 (9th

6

Cir. 2004). In sum, Petitioner has not been "without process." <u>Rodriguez Diaz</u>, 53 F.4th at 1207.

**The risk of erroneous deprivation**. This factor weighs in Respondents' favor. At the prior bond hearing, the IJ denied bond on, in part, flight risk grounds. <u>See</u> Bond Denial Order. As stated, Petitioner had the right to appeal to the BIA. After appealing or demonstrating why exhaustion should be excused, Petitioner could have filed a habeas petition challenging any errors of law or reviewable mixed questions of law and fact in her bond proceedings. <u>See</u> <u>Martinez v. Clark</u>, 124 F.4th at 775. "In short, the agency's decision to detain [Petitioner] was subject to numerous levels of review, each offering [Petitioner] the opportunity to be heard by a natural decisionmaker. These procedures ensured that the risk of erroneous deprivation would be 'relatively small.'" <u>Rodriguez Diaz</u>, 53 F.4th at 1209-10 (citation omitted).

**The government's interest**. This factor weighs in Respondents' favor. In this context, courts "must weigh heavily in the balance that control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." <u>Id.</u> at 1208 (internal quotation marks and citations omitted). "This is especially true when it comes to determining whether removable aliens must be released on bond during the pendency of removal proceedings." <u>Id.</u> "These are interests of the highest order that only increase with the passage of time." <u>Id.</u>

Thus, the <u>Mathews</u> analysis weighs against Petitioner. However, the Court will order dismissal without prejudice in case Petitioner's situation changes—for example, if his detention becomes substantially more prolonged, if he is denied access to a bond hearing to which he may be entitled,[1] or if his

---

[1] § 1226(a) detainees are entitled to additional bond hearings upon a showing of materially changed circumstances. <u>See</u> 8 C.F.R. § 1003.19(e).

bond proceedings are infected by legal error. <u>See</u> <u>id.</u> at 1213 ("Due process is a flexible concept that varies with the particular situation.") (citation omitted); <u>Martinez</u>, 124 F.4th at 779-80.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Petition for Writ of Habeas Corpus (Dkt. 1) is **DENIED** without prejudice.

Date: August 11, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge

8